UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case<br>) No. 05-70329-fra7 |
| ROBERT J. OWENS and<br>TONI M. OWENS, | )<br>) |
| Debtors. | ) MEMORANDUM OPINION<br>) |

## I. INTRODUCTION

This Chapter 7 case was commenced on October 12, 2005. The Trustee determined that there were assets that could be liquidated for the benefit of the estate, and proceeded with administration. The most significant asset of the estate, the Debtors' home, was sold by the Trustee in February of 2006. The Trustee filed his final report and application for compensation on July 8, 2008. He sought compensation in the sum of $17,848.73, the maximum amount allowed by Code § 326. The United States Trustee finds the fee request to be unreasonable under the circumstances, and has objected.

The matter came on for hearing on August 19, 2008. After considering the record of the case, the evidence and testimony of the parties, the Court finds that the Trustee should not be paid the maximum

Page 1 - MEMORANDUM OPINION

fee, and that an order should be entered allowing compensation in the amount of $15,418.73.

## II. BACKGROUND

The Debtors' schedules reflected assets, including a residence valued at $299,000 and personal property valued at roughly $37,000. In his administration of the case, the Trustee abandoned two vehicles as burdensome to the estate, sold the remaining vehicles and other personal property, and the residence. The residence sold for $309,939.04. According to the Trustee's notice of the proposed sale[1], it was expected that the sale would yield approximately $20,000 for the estate after payment of liens, fees and costs. At the last minute, a lien holder made demand for an additional $8,000 as a prepayment penalty according to its contract with the Debtors. The Trustee acquiesced and permitted the sale to close.

The effect of the sale was to reduce the amount of money available to unsecured creditors, since the fees and costs generated by the sale exceeded the net return to the estate.

## III. DISCUSSION

A. *Applicable Statutes*:

Code § 326(a) provides as follows:

> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent of the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess

---

[1] See Court Document No. 10: the document was not placed into evidence, but is subject to judicial notice. Fed.R.Evid. 201.

Page 2 - MEMORANDUM OPINION

of $50,000 but not in excess of $1,000,000,... upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Code § 330, as amended in 2005, provides in part that: "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." § 330(a)(7).

B. *Retroactive Application of BAPCPA*

Section 330(a)(7) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), which took effect on October 17, 2005, several days after this case was filed. The Act, by its terms, provides that it applies to cases filed after the effective date. Accordingly, the U.S. Trustee relies on prior case law such as In re Roderick Timer Co. v. Levy, 185 B.R. 601 (9th Cir. BAP 1995), which held that a trustee's reasonable compensation should be determined by multiplying the amount of time spent by the trustee by a reasonable hourly rate; thus, the limits set out in § 326 are a ceiling, and no more.

The amendments to the Code dispense with that approach, by providing that the trustee's remuneration is a commission. A commission, in this context, is a remuneration for services or work done as or by an agent, in the form of a percentage on the amount involved in the transaction. Oxford English Dictionary. Section 326 establishes the maximum amount to be paid as a commission. Reading §§ 326 and 330 together, the statutory scheme provides that a trustee is presumed to be entitled to compensation in the amount specified in § 326. This

Page 3 - MEMORANDUM OPINION

commission is subject to reduction if the maximum amount is substantially disproportionate to the value of the trustee's services to the estate. In re McKinny, 383 B.R. 490 (Bankr. N.D. Ca. 2008).

Notwithstanding BAPCPA's stated effective date, the addition of §330(a)(7) should be retroactively applied. When a statutory amendment acts to clarify an existing provision rather than to make substantive changes to it, the amendment is normally applied retroactively. ABKCO Music, Inc. v. LaVere, 217 F.3d 684, 689 (9th Cir. 2000). The new language in § 330(a)(7) does no more than to clarify Congress's understanding of § 326, which was enacted prior to, and unchanged by, the 2005 amendments.

C. *Reasonable Commission*

As the McKinny court observed, the presumptive commission established by § 326 must be adjusted to the extent necessary to ensure that the commission actually paid is reasonable. A court may find that a presumed fee is substantially disproportionate to the value of the trustee's services where it is excessive in light of the efforts actually applied by the trustee. This is why courts continue to require that the trustees account for the time expended in each case.

The presumptive fee will also be found to be substantially disproportionate if errors or omissions on the part of the trustee result in a material loss to the estate or unsecured creditors. In this case, the Trustee's sale of the Debtors' residence operated to generate a substantial commission for a real estate agent, and increased the Trustee's commission, while reducing the amount ultimately payable to unsecured creditors. As a general rule, estate property should not be

Page 4 - MEMORANDUM OPINION

sold unless some equity remains, after the payment of liens and costs, for the benefit of unsecured creditors. <u>In re Riverside Investment Partnership</u>, 674 F.2d 634, 640 (7th Cir. 1982).

In theory, the Trustee's presumptive fee might be reduced to whatever amount the commission would have been had the real property been abandoned. However, at least under the circumstances in this case, the result would be draconian. A more equitable approach is to reduce the Trustee's commission to the extent necessary to restore to unsecured creditors the amount lost as a result of the sale. The U.S. Trustee calculates this to be $2,430. Accordingly, the Court finds that the Trustee's commission in this case should be $15,418.73.

The foregoing constitutes the Court's findings of fact and conclusions of law. The Panel Trustee shall submit an order to the Court approving his final account, with the *proviso* that his commission is allowed in the sum of $15,418.73. The Trustee's request for expenses has not been objected to, and is allowed.

FRANK R. ALLEY, III  
Bankruptcy Judge

Page 5 - MEMORANDUM OPINION